[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR JUDGMENT ON REPORT OF ATTORNEY TRIAL REFEREE
These cases arise out of a residential construction dispute between homeowners and a building contractor. In the first filed case the Hunters claimed that Alibrandi failed to complete residential renovation work in a timely or workmanlike fashion. In the second case Alibrandi sought to foreclose on a mechanics lien. The cases were referred to an Attorney Trial Referee (ATR), who rendered a report on July 25, 2002, after a hearing. See Practice Book §§ 19-2A et seq.
The ATR report came before the court on September 30, 2002. No objection to the report was filed, and there was no transcript of the hearing. See Practice Book § 19-14. In the absence of the above, the court has no basis to question the ATR's findings of fact; therefore, they are accepted. See Meadows v. Higgins, 249 Conn. 155, 170, n. 10 (1999).
The ATR found that the Hunters had not proven their alleged costs in completing the project and remedial work and apparently accepted Alibrandi's testimony that he was terminated before being able to complete the job. The ATR also found that a $15,000 contract balance was not paid to Alibrandi and that $3,000 of work was not completed when Alibrandi was terminated. The Hunters withdrew a CUTPA claim in the first case, and Alibrandi did not pursue foreclosure of the lien in the second case.
The ATR recommended that judgment be entered in favor of the defendant Alibrandi in the first case, CV98 0169083, and that judgment be entered in favor of the plaintiff Alibrandi in the second case, CV 990171987, in the amount of $12,000 plus costs. These recommendations follow legally and logically from the ATR's findings, and they are adopted and ratified by the court. CT Page 14145
Judgments may enter accordingly.
___________________ ADAMS, J. CT Page 14146